UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LA VERNE FOSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-3735-JPH-MJD |
| | ) |
| LOUIS DEJOY, Postmaster General, | ) |
| United States Postal Service, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

La Verne Foster has sued her former employer, the United States Postal Service, alleging violations of Title VII, the Fair Labor Standards Act ("FLSA"), and the Indiana Wage Payment Statute ("IWPS"). Dkt. 56 at 13–18. The USPS has filed a motion for summary judgment on all claims. Dkt. [117]. For the reasons below, that motion is **GRANTED**.

## I.
## Facts and Background

Because the USPS has moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

Ms. Foster began working for the USPS in April 1999, dkt. 117-1 at 25 (Foster Dep. 24:23–24), and Abraham Benjamin became her immediate supervisor in April 2000, *id.* at 32, 33 (31:10–13, 32:3–5). Ms. Foster complained to the USPS about him in October 2000, alleging that Mr.

1

Benjamin assigned her a seat too close to him and acted flirtatiously towards her during her shift. *Id.* at 86–87, 90, 111 (85:4–86:7, 89:3–12, 110:8–23). Ms. Foster also complained to co-workers and her union stewards about Mr. Benjamin through 2004, and she filed an Equal Employment Opportunity Commission ("EEOC") charge against him that same year. *Id.* at 89, 94, 112 (88:17–18, 93:5–6, 111:10–15). However, Ms. Foster later withdrew her EEOC charge. *Id.* at 94–95, 112, 113 (93:17–94:4, 111:13–21, 112:11–15).

From 2004 through March 2009, Ms. Foster worked for other supervisors. *Id.* at 43–44 (42:12–43:5). From March 2009 through November 2012, Ms. Foster stopped working for the USPS. *Id.* at 56 (55:3–4). In November 2012, she started working for the USPS again, with Mr. Benjamin as one of her supervisors. *Id.* at 56, 57–58, 62 (55:3–4, 56:14–57:2, 61:10–22).

In March 2013, Ms. Foster filed an EEOC charge alleging disability discrimination and retaliation; it did not allege sexual harassment. *Id.* at 171 (170:8–14). Ms. Foster withdrew this charge by January 2014. *Id.* at 114 (113:3–15).

In early 2014, Ms. Foster filed an EEOC charge with the same EEOC number as the March 2013 filing that had alleged disability discrimination and retaliation. *Id.* at 114. Later, with an attorney, she filed an amended charge that dropped her retaliation claim and added a claim for sexual harassment. *Id.* at 171 (170:8–21); dkt. 117-13 at 136, 140; *see* dkt. 117-11 (Formal EEOC Charge dated Apr. 7, 2014). The amended charge alleged sex discrimination and did not allege retaliation. *See* dkt. 117-11 at 1.

2

After an investigation into Ms. Foster's claims, the USPS issued a decision concluding that Ms. Foster had offered "no evidence . . . of unwelcome behavior," "no evidence that management's alleged actions were harassment" based on her sex, and no evidence that Mr. Benjamin's actions had "sexual overtones."  Dkt. 117-12 at 130–35.  Ms. Foster appealed this decision to the EEOC's Office of Federal Operations ("OFO"), which vacated the USPS' decision and remanded the complaint for a supplemental investigation and further development of the record.  Dkt. 117-14 at 20–24.

Ms. Foster retired from the USPS in May 2017.  Dkt. 117-2 at 2 (McDermott Decl.).

On June 29, 2017, following the supplemental investigation, the USPS again concluded that the evidence did not support a finding of discrimination.  Dkt. 117-12 at 114–37.  Ms. Foster appealed that decision to the EEOC's OFO, which affirmed the USPS' final agency decision on December 19, 2018, dkt. 117-15, and later denied Ms. Foster's request for reconsideration, dkt. 117-16.

Before the EEOC's OFO had issued its decision on her appeal, however, Ms. Foster sued the USPS in district court alleging disability discrimination, wage-claim violations, and sexual harassment.  *See Foster v. Brennan*, No. 1:17-cv-4271 (S.D. Ind. Nov. 15, 2017).  Because Ms. Foster's sexual-harassment charge was still on appeal with the EEOC's OFO when she filed her civil complaint, the district court dismissed that claim without prejudice for failure to exhaust her administrative remedies.  *See id.* (S.D. Ind. July 17, 2018).  And the Court later granted the USPS summary judgment on Ms.

3

Foster's wage claims. *Id.* (S.D. Ind. Feb. 18, 2020). The Seventh Circuit affirmed the grant of summary judgment and found that Ms. Foster had waived any challenge to the district court's exhaustion ruling. *See Foster v. DeJoy*, 817 Fed. App'x 270, 272–73 (7th Cir. 2020).

On September 3, 2019, Ms. Foster filed this case *pro se,* alleging that the USPS violated Title VII because of sexual harassment and retaliation and infringed the FLSA and IWPS because of unpaid wages. Dkt. 1; *see* dkt. 56 at 13–18 (operative complaint). The USPS has moved for summary judgment on all claims. Dkt. 117. Ms. Foster has moved to strike the USPS' reply brief, dkt. 126, and to file a surreply, dkt. 125.

## II.
## Collateral Motions

Ms. Foster has moved to "strike the defendant[']s reply brief in its entirety." *See* dkt. 126 at 4. Because she does not cite a basis for the motion and because "collateral motions—such as motions to strike—in the summary judgment process" are disfavored, *see* S.D. Ind. L.R. 56-1(c), (i), Ms. Foster's motion is **denied**, dkt. [126].

Ms. Foster has also moved to file a surreply "to address new arguments" relating to her complaints about Mr. Benjamin to the USPS in 2000 and 2004. Dkt. [125]. That motion is **granted** to the extent the Court has considered the arguments in the motion.

## III.
## Applicable Law

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (citation omitted).

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted). And "document[s] filed *pro se* are to be liberally construed . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

## IV.
## Analysis

### A. Title VII hostile work environment claim

The USPS argues that Ms. Foster has not designated evidence of "sufficiently severe or pervasive" harassment that "create[d] an abusive working environment." Dkt. 118 at 22–25. Ms. Foster responds that Mr. Benjamin's behavior was "unwelcomed and offensive." Dkt. 120 at 26–27.

For a hostile work environment claim to succeed, a workplace must be "so pervaded by discrimination that the terms and conditions of employment were altered." *Vance v. Ball State Univ.*, 570 U.S. 421, 427 (2013). At summary judgment, this requires a plaintiff to designate evidence of conduct that is "both objectively and subjectively offensive." *Boumehdi v. Plastag Holdings, LLC.*, 489 F.3d 781, 788 (7th Cir. 2007). The USPS contends that the conduct alleged by Ms. Foster was not objectively offensive. *See* dkt. 118 at 22–25. Objective offensiveness turns on several factors, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Alamo v. Bliss*, 864 F.3d 541, 549–50 (7th Cir. 2017) (citation omitted).

Of the over 1,100 pages of records filed by Ms. Foster, she has designated only two exhibits, a book and a few lines of her deposition,[1] as evidence in support of her argument that the conduct was objectively offensive. *See* dkt. 120 at 26–27; *see Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 898 (7th Cir. 2003) ("We have repeatedly assured the district courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them."). Ms. Foster cites several lines from her deposition describing her feelings that Mr. Benjamin was "trying to control [her]" and that his behavior was "aggressive,"

---

[1] Ms. Foster first cites pages 25–39 of her Exhibit 35. *See id.* But that exhibit is an excerpt from a book with no apparent relevance to the objective offensiveness inquiry. *See* dkt. 122-5 at 25–64 (*Interviews as Evidence: The Strategic Investigative Process* by Jeff Kehlert).

6

"offensive," and "obsess[ive]" because he "showed up" when she spoke with other men and because he "look[ed] . . . up and down at [her] body." *See* dkt. 120 at 26–27 (citing dkt. 117-1 at 182 (Foster Dep. 181:1–18)).

Although such behavior is certainly not appropriate, it is not the type of objectively offensive conduct that creates employer liability under Title VII. *See Swyear v. Fare Foods Corp.*, 911 F.3d 874, 881 (7th Cir. 2018) ("[E]mployers generally do not face liability for . . . [certain] unpleasantries that are, unfortunately, not uncommon in the workplace."). "[E]xaggerated staring," even when it "could be interpreted as sexually motivated, falls far below the severity required for a cognizable sexual-harassment claim." *Nuzzi v. Bourbonnais Elementary School Dist.*, 360 Fed. App'x 664, 667 (7th Cir. 2010).

Ms. Foster also designated her deposition statement that Mr. Benjamin pointed his finger at her and "beat" timecard boxes after she took a break with a male coworker. *See* dkt. 120 at 19–20; dkt. 117-1 at 116–17 (Foster Dep. 115:7–116:23). But it would require speculation to infer that these actions were sexual in nature or constituted more than a minor, isolated incident. *Cf. Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010) (noting that, on summary judgment, the Court's "favor toward the nonmoving party does not extend to drawing inferences that are supported by only speculation or conjecture") (citation omitted); *Ellis v. CCA of Tennessee LLC*, 650 F.3d 640, 648 (7th Cir. 2011) ("[I]solated incidents, unless extremely serious, will not support a hostile work environment claim.") (citation omitted).

7

Ms. Foster has not designated evidence of other behavior that could be considered objectively offensive. *See* dkt. 120. Although Ms. Foster found Mr. Benjamin's alleged behavior unwelcome and offensive, *see* dkt. 120 at 26–27, no reasonable jury could find from the totality of the circumstances that it was objectively offensive as necessary to constitute a cognizable claim under Title VII, *see Alamo*, 864 F.3d at 550 (noting that liability under Title VII "has limitations, and Title VII was not designed to become a general civility code") (citation omitted). As a result, the Court **grants** the USPS summary judgment on Ms. Foster's hostile work environment claim.

### B. Title VII retaliation claim

The USPS argues that Ms. Foster failed to exhaust her administrative remedies for her retaliation claim. Dkt. 118 at 26–28. Ms. Foster responds that she has properly exhausted her administrative remedies. Dkt. 120 at 27–28.

"Before bringing a Title VII claim, a plaintiff must first exhaust h[er] administrative remedies by filing charges with the EEOC and receiving a right to sue letter." *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019); *see* 42 U.S.C. §§ 2000e–16(c), 2000e-5(f)(1). "After doing so, a plaintiff filing suit in federal court may bring only those claims that were included in her EEOC charge, or that are like or reasonably related to the allegations of the charge and growing out of such allegations." *Chaidez*, 937 F.3d at 1004.

It's undisputed that Ms. Foster's formal EEOC charge did not include a retaliation claim. *See* dkt. 117-11 (Apr. 7, 2014 EEOC charge with retaliation

8

discrimination box unchecked); dkt. 117-1 at 171 (Foster Dep. 170:8–21); dkt. 117-13 at 136, 140 (January 2014 letters from Ms. Foster and her attorney stating that she "would like to amend [the] complaint to claim sexual harassment instead of disability discrimination and retaliation"); *see Wojtanek v. Pactiv LLC*, 492 F. App'x 650, 652 (7th Cir. 2012) ("[A] plaintiff who signs a formal administrative charge generally is limited to pursuing allegations included in that submission . . . .").

And Ms. Foster's current retaliation allegations are not "like or reasonably related to the allegations of the [EEOC] charge" in a way that could allow them to "grow[] out of" the original allegations. *Chaidez*, 937 F.3d at 1004 (citation omitted). "Claims are 'like or reasonably related' when (1) there is a reasonable relationship between the allegations in the charge and the claims in the complaint and (2) the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Id.* (citation omitted). This requires "[t]he charge and complaint" to, "at a minimum, describe the *same conduct*." *Id.* (emphasis in original).

Here, Ms. Foster alleges that, over the course of several years, the USPS improperly demoted her and did not abide by its limited-duty-job offer made to her. *See* dkt. 56 at 10, 13, 16–17. In contrast, Ms. Foster's 2014 EEOC charge concerned only Mr. Benjamin's allegedly offensive conduct towards her; it did not mention a demotion or a job offer. *See* dkt. 117-11 at 2. Because the conduct underlying her current retaliation claim and the conduct alleged in her EEOC charge differ, Ms. Foster's retaliation claim is not "like or reasonably

9

related" to her EEOC charge. *Chaidez*, 937 F.3d at 1004 (citation omitted). Ms. Foster has thus not exhausted her administrative remedies on her retaliation claim, and her retaliation claim is thus dismissed **without prejudice**. *See id.* at 1008.

### C. IWPS and FLSA claims

The USPS argues that Ms. Foster's IWPS and FSLA claims are barred by the doctrine of claim preclusion. Dkt. 118 at 30–31. Ms. Foster has not responded to this argument. *See generally* dkt. 120.

"The doctrine of claim preclusion, or res judicata, operates to bar a second suit after a final judgment involving the same parties and causes of action." *Lalowski v. City of Des Plaines*, 789 F.3d 784, 789 (7th Cir. 2015) (citation omitted). If the current and previously litigated causes of action are "based on the same, or nearly the same, factual allegations arising from the same transaction or occurrence," then they are deemed to have the same "identity" for res judicata purposes. *Bernstein v. Bankert*, 733 F.3d 190, 226 (7th Cir. 2013) (citation omitted).

The operative complaint in Ms. Foster's 2017 case brought FLSA and IWPS claims against the USPS and alleged that her "wages were . . . improperly deducted" and that her "final paycheck was incorrect." *Foster v. Brennan*, No. 1:17-cv-4271 (S.D. Ind. Apr. 16, 2018) (Complaint Count IV). The district court granted summary judgment to the defendants on those claims and entered final judgment that awarded Ms. Foster no relief. *See id.* (S.D. Ind. Feb. 18, 2020). The Seventh Circuit affirmed the judgment. *See Foster*, 817 Fed. App'x

10

at 273 (holding that Ms. Foster's wage claims failed because she had "not point[ed] to evidence contradicting the Postal Service's records showing that it did not deny any requested FMLA leave and that it rectified her shortfall in pay"). In this case, Ms. Foster has again sued the USPS for the same unpaid wages, citing the same FLSA and IWPS statutory provisions as her previous complaint. *See* dkt. 56 at 16–18. The claims are thus based on the same, or nearly the same, factual allegations arising from the same transaction or occurrence. *See Bernstein*, 733 F.3d at 226.

Therefore, because Ms. Fosters IWPS and FSLA claims are barred by the doctrine of claim preclusion, the USPS is entitled to summary judgment on those claims.

## V.
## Conclusion

For the reasons explained above, the USPS' motion for summary judgment is **GRANTED**. Dkt. [117]. Ms. Foster's motion to strike is **DENIED**, dkt. [126], and her motion to file a surreply is **GRANTED** to the extent the Court considered its contents, dkt. [125]. Final judgment will issue in a separate entry.

**SO ORDERED.**

Date: 8/18/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

11

Distribution:

LA VERNE FOSTER
5305 Cotton Bay Drive West
Indianapolis, IN 46254-4520

Rachana Nagin Fischer
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
rachana.fischer@usdoj.gov